UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

M.V.B. COLLISION INC. d/b/a MID ISLAND
COLLISION,

                                Plaintiff,                        **REPORT AND**
                                                                **RECOMMENDATION**
                                                                19-CV-1883 (JS) (ARL)

      -against-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                                Defendant.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Plaintiff M.V.B. Collision Inc. d/b/a/ Mid Island Collision ("Plaintiff") brings this action against State Farm Mutual Automobile Insurance Company ("Defendant") seeking damages for violation of New York General Business Law ("NY GBL") Section 349. Before the Court, on referral from District Judge Seybert, is the motion of Defendant to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12 (b)(6). For the reasons that follow, the undersigned respectfully recommends that the motion be denied.

## BACKGROUND

### A. Factual Background

       The following facts are drawn from the Complaint, together with "documents incorporated in it by reference" and "document[s] upon which the [amended] complaint heavily relies." *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013). These facts are taken as true for purposes of deciding the instant motion. These facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595

(SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

Plaintiff Mid Island is an auto body shop located in Rockville Center, New York. Compl. at ¶ 15. Plaintiff is in the business of performing auto body repairs to motor vehicles. *Id.* at ¶ 3. Defendant is a New York State licensed insurance company that underwrites automobile insurance policies within the State of New York. *Id.* at ¶ 2. According to Mid Island, "over the years, . . . Defendant . . . has made misrepresentations or omissions which were likely to mislead a reasonable consumer in the Plaintiff's circumstances." *Id.* at ¶ 24.

This particular action involves a challenge to a program offered by Defendant to insureds and third-party claimants pursuant to which they can submit photographs of damage to their vehicles through State Farm's Pocket Estimate app to fast-track claims for damage to their vehicles ("Pocket Estimate Program"). *Id.* at ¶ 4. This program allows claimants to either accept the estimate provided from the photographs submitted or elect to obtain a supplementary, in-person estimate. *Id.* at ¶ 12. Plaintiff alleges that the Photo Estimate Program is faulty because the photographs are incapable of accurately assessing damage. *Id.* at ¶ 7. Plaintiff contends that Defendant utilized unqualified appraisers to "issue damage repair appraisals for damage to vehicles" and, with an intent to deceive, did not properly and professionally evaluate the damage to insured's vehicles. *Id.* at ¶ 32, 33. Plaintiff also alleges that it is deprived of the opportunity to repair certain vehicles as a result of Defendant's Pocket Estimate Program. *Id.* at ¶ 10.

Plaintiff identifies several examples of State Farm insureds who chose to have their claims initiated with a photo-estimate. *Id.* at ¶ 12. In each of the three examples provided, the insured obtained an initial photo-estimate, but after receiving supplementary, in-person estimates from State Farm damages greatly in excess of the initial photo estimate were uncovered. *Id.* at ¶¶ 12(a),(b),(c). Plaintiff asserts that Defendant's advertising of its photo estimating tool is a

2

"massive scheme" to "convince insureds and claimants to agree to photo-estimating," despite Defendant's knowledge that "such a method is ineffective." *Id.* at ¶ 5. This practice, according to Plaintiff, results in the underpayment of auto claims or, alternatively, causes those claimants to forego the full repair to return the vehicle to a pre-accident condition. *Id.* at ¶¶ 10-11.

### B. Procedural Background

Plaintiff filed its complaint on April 2, 2019. Plaintiff initially asserted two causes of action (i) for violations of NY GBL Section 349 and (ii) violation of 11 NYCRR 216.7, 11 NYCRR 216.12 and Section 2610(a) of the New York State Insurance Law. By letter dated June 6, 2019, Plaintiff withdrew the cause of action for violation of New York State Insurance Law. ECF No. 15. On August 7, 2019, Defendant moved to dismiss Plaintiff's remain claim for violation of NY GBL § 349 pursuant to Rule 12 (b)(6). In support of its motion to dismiss Defendant relies upon its Memorandum in Support of Its Motion to Dismiss Plaintiff's Complaint ("Def. Mem.") as well as Defendant Stae Farm's Reply in Support of its Motion to Dismiss ("Reply Mem."). Plaintiff opposes the motion. In support of its opposition, Plaintiff relies upon the Memorandum of Law by Plaintiff, M.V.B. Collision Inc. d/b/a/ Mid Island Collision In Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint ("Pl. Mem."). By Order dated October 8, 2019, this motion was referred to the undersigned by Judge Seybert.

## DISCUSSION

### A. Standard of review - Rule 12(b)(6)

"In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *See Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 162 (E.D.N.Y. 2010), *aff'd*, 446 F. App'x 360 (2d Cir. 2011)(citing *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*,

3

595 F.3d 86, 91 (2d Cir.2010)). The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

### B. Motion To Dismiss NY GBL § 349 Claim

Plaintiff contends that Defendant's Pocket Estimate Program, including all advertising and marketing related thereto is a deceptive practice under NY GBL § 349. To state a claim under NY GBL § 349, a plaintiff must allege (1) that the defendant's acts were consumer oriented, (2) that the acts or practices are "deceptive or misleading in a material way," and (3) that the plaintiff has been injured as a result. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25, 647 N.E.2d 741, 623 N.Y.S.2d 529 (1995); *accord Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009); *City of New York v. Smokes-Spirits.com, Inc.*, 12 N.Y.3d 616, 621, 911 N.E.2d 834, 883 N.Y.S.2d 772 (2009). Defendant argues that Plaintiff's claim fails to satisfy each of the elements of this claim and must be dismissed because (1) Plaintiff has not alleged deceptive acts directed at consumers; (2) Plaintiff

4

fails to allege that photo-estimating is a deceptive act that is misleading in a material way; and (3) even if Plaintiff could allege a deceptive act, Plaintiff has failed to allege any injury caused by the deceptive acts. Def. Mem. at 5-6.

### 1. Consumer-Oriented Acts

Section 349 of the NY GBL makes unlawful "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). In order to allege actionable conduct a plaintiff cannot merely allege injury to themselves but must allege that the defendants engaged in consumer-oriented acts. *See State Farm Mutual Automobile Ins. Co. v. Mallela*, 175 F. Supp. 2d 401, 422-23 (E.D.N.Y. 2001).[1] "Consumer-oriented [is] defined as conduct that 'potentially affect[s] similarly situated consumers.'" *Id.* (citing *S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 636 (2d Cir. 1996). Although, the plaintiff need not show that the acts complained of occurred "repeatedly -- either to the same plaintiff or to other consumers," he must demonstrate that the act complained of has a broad impact on consumers at large. *See Oswego*, 85 N.Y.2d 20 at 25. "[T]he gravamen of the complaint must be consumer injury or harm to the public interest." *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) (internal quotation marks and citation omitted).

When a defendant allegedly enters into contractual relationships with customers nationwide and makes a program available to all insureds such behavior affects the public generally. *See, e.g., McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 175 n.41 (E.D.N.Y. 2009) ("Plaintiffs are permitted to proceed on a their § 349 claim incident to the breach of

---

[1] In *Mallela*, the court explained that "the consumers of State Farm's services are insureds" and since the party asserting the claim "are not such consumers" they are not similarly situated to State Farm consumers. *Id.* at 422. This holding appears to be at odds with more recent authority in the district (discussed below) which allows a NY GBL § 349 claim to go forward at the pleading stage provided plaintiff alleges harm to the public at large.

contract alleged in this case, because there is evidence that defendants have targeted consumers generally through standard form contracts, which were also administered in a standardized manner"); *Kurschner v. Mass. Cas. Ins. Co.*, No. 08-CV-1011 (JFB), 2009 U.S. Dist. LEXIS 16623, 2009 WL 537504, at *5 (E.D.N.Y. Mar. 3, 2009) ("Where, as here, a defendant allegedly enters into 'contractual relationship[s] with customers nationwide,' via a standard form contract and has allegedly committed the challenged actions in its dealings with multiple insureds, such behavior plausibly affects the public generally and, therefore, plaintiff has sufficiently pled the requirement of 'consumer-oriented' conduct within the meaning of Section 349. . ."); *M.B.V. Collision, Inc. v. Allstate Ins. Co.*, No. 07 Civ. 0187 (JFB), 2007 U.S. Dist. LEXIS 57930, 2007 WL 2288046, at *4 (E.D.N.Y. Aug. 8, 2007) (defendant's conduct, as alleged, was consumer-oriented because it related to numerous policyholders subject to defendant's standard form policy).

Plaintiff here has sufficiently pled the requirement of "consumer-oriented" conduct within the meaning of Section 349 to survive a motion to dismiss. There can be no doubt that a program offered to consumers via "television advertisements and other methods" is consumer oriented. *See* Compl. ¶ 5. In support of its position that the Pocket Estimate Program is not a consumer-oriented program, Defendant relies upon, *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). *Maurizio* is inapplicable here. In *Maurizio,* the parties dispute was "fairly characterized as private, unique to Maurizio and Goldsmith, and without direct impact on the body of consumers. As such, it does not implicate New York's consumer protection provisions." *Id.* Here, to the contrary, Plaintiff alleges Defendant "encourages through television advertisements and other methods" insureds and claimants to have their claims "appraised solely through the use of photographs, all the while knowing that such method is ineffective and that is

6

does not meet industry standards." Compl. ¶ 5. Defendant argues that this is a conclusory allegation because it is "devoid of factual enhancement." Def. Mem. at 6. However, since this claim in not subject to the heightened pleading requirement of Rule 9 (b) all that is necessary is a short and plain statement of the claim, giving the defendant fair notice of what plaintiff's claim is. *See Casiano v. County of Nassau*, CV 16-1194 (SJF)(ARL), 2016 U.S. Dist. LEXIS 178290, * 14 (E.D.N.Y. Dec. 22, 2016).[2] Plaintiff's complaint focuses entirely upon the harm to insureds resulting from participation in the program. This allegation is sufficient. Accordingly, this Court respectfully recommends that Defendant's motion to dismiss Plaintiff's claim because it has not alleged deceptive acts directed at consumers be denied.

### 2. Deceptive or Materially Misleading Practice

In addition to alleging a consumer oriented act, "[t]o state a claim under § 349, a plaintiff must allege: . . . the act or practice was misleading in a material respect. . .." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). The New York Court of Appeals has "adopt[ed] . . . an objective definition of deceptive acts and practices," limiting them "to those likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego*, 85 N.Y. 20, at 26. "This is a more stringent standard than the 'least sophisticated consumer' standard applicable to FDCPA claims." *Fritz v. Resurgent Capital Servs, LP*, 955 F. Supp. 2d 163, 174 (E.D.N.Y. 2013). "[W]hether a particular act or practice is deceptive is usually a question of fact." *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 543 (S.D.N.Y. 2013) (citing *Sims v. First Consumers Nat. Bank*, 303 A.D.2d 288, 289, 758 N.Y.S.2d 284 (1st Dept. 2003)). "[A] deceptive practice 'need

---

[2] *See, e.g., City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 455 (2d Cir. 2008) ("[A]n action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b), Fed. R. Civ. P., but need only meet the bare-bones notice-pleading requirements of Rule 8(a) . . . ."); *Quiroz v. Beaverton Foods, Inc.*, No. 17-CV-7348, 2019 U.S. Dist. LEXIS 57313 at *16, 2019 WL 1473088 (E.D.N.Y. Mar. 31, 2019) ("Claims under §§ 349 and 350 are not subject to Rule 9(b)'s heightened pleading standard"); *Chiarelli v. Nissan N. Am., Inc.*, No. 14-cv-4327 (NGG), 2015 U.S. Dist. LEXIS 129416, 2015 WL 5686507 (E.D.N.Y. Sept. 25, 2015) ("it is clear that Rule 9(b) does not apply to Plaintiffs' GBL claim").

7

not reach the level of common-law fraud to be actionable under section 349,' and reliance is not an element of a Section 349 claim." *M.B.V. Collision, Inc.*, 2007 U.S. Dist. LEXIS 57930, at *15 (quoting *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29, 731 N.E.2d 608, 709 N.Y.S.2d 892 (2000) (citing *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 725 N.E.2d 598, 603, 704 N.Y.S.2d 177 (N.Y. 1999); *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 720 N.E.2d 892, 897, 698 N.Y.S.2d 615 (N.Y. 1999) ("Intent to defraud and justifiable reliance by the plaintiff are not elements of the statutory claim."); *Oswego*, 647 N.E.2d at 744 ("[T]he statute does not require proof of justifiable reliance.")).

According to Defendant, Plaintiff "attempts to frame the conduct in the Complaint as a deceptive act in two ways." Def. Mem. at 6. First, according to Defendant, the Pocket Estimate Program induces "insureds and third-party claimants into believing that photo-estimates are a complete method of estimating auto damage, and consumers then accept the undervalued payment because they do not understand they are entitled to supplementary estimates." *Id.* (citing Compl. ¶ 26). Second, Defendant argues that Plaintiff "points to three insurance statutes and regulations, alleging that State Farm's use of photo-estimating was a deceptive act because it violates those provisions." *Id.* at 9. In response, Plaintiff argues that that "Defendant materially misled the insureds/claimants who availed themselves of the photo-estimating program, and to the larger population of insureds to whom the program was marketed, that the damage to their vehicles could be and would be adequately and completely appraised through the use of photographs of the visible damage when it knew, or should have known, that same was impossible because any present hidden damage could not be addressed." Pl. Mem. at 9-10. For purposes of this motion to dismiss, this allegation coupled with plaintiff's allegations describing three instances where the Pocket Estimate Program provided estimates dramatically less than the supplemental in

8

person estimates received, are sufficient to state a claim. Accordingly, this Court respectfully recommends that Defendant's motion to dismiss Plaintiff's claim because it has not alleged a deceptive or materially misleading practice be denied.

### 3. Injury to Plaintiff

Finally, as noted above, Plaintiff's NY GBL § 349 claim requires Plaintiff to plead not only that Defendant's complained-of conduct is consumer oriented and materially deceptive or misleading in order to state a claim, but also that Plaintiff "has been injured as a result." *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 478 (internal quotation marks and citation omitted). "[A] plaintiff must prove 'actual' injury to recover under the statute, though not necessarily pecuniary harm." *Stutman*, 95 N.Y.2d at 29.

Defendant argues that Plaintiff fails to allege that it has suffered any actual unjury stemming from the allegedly deceptive practice. Def. Mem. 11-12. According to Plaintiff, it was "actually injured as a direct result of Defendant's act inasmuch as it was damaged in its business sales by virtue of a loss of the opportunity to repair vehicles, for which photo estimates were written causing Defendant's customers not to seek repairs because they were unaware that such repairs were necessary." Pl. Mem. at 10. In *Ludlow Essex Partners LLC v. Wells Fargo Bank, N.A.*, No. 17cv2042 (DLC), 2017 U.S. Dist. LEXIS 106962 (S.D.N.Y. July 11, 2017), the court found that while plaintiffs there had adequately alleged that the defendant had engaged in deceptive conduct, the plaintiffs were "not among the consumers affected by the defendant's . . . allegedly deceptive practices." *Id.* at *6. In *Wells Fargo*, the court reasoned that the defendant bank's alleged activities affected the consumers in whose names bank accounts might be fraudulently opened, but did not injure the plaintiffs who had made a payment into one of the fraudulently opened accounts on behalf of a client. Similarly, here, Defendant's alleged

9

deceptive conduct affected consumers that were underpaid for damages to their vehicle as a result of the Pocket Estimator Program, it did not directly injury Plaintiff, whose claimed injury is that Plaintiff has suffered damages, because "plaintiff's customers were deceived by those misrepresentations or omissions" and therefore these insureds did not use Plaintiff's services to obtain a full repair. Compl. ¶ 39.

However, a non-consumer plaintiff has standing to pursue at Section 349 claim when the "gravamen of the complaint [is] consumer injury or harm to the public interest" and plaintiff "allege[s] conduct that has significant ramifications for the public at large." *Gucci Am., Inc. v. Duty Free Apparel, Ltd*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003); *see also Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264-65 (2d Cir. 1995) ("Although the statute is, at its core, a consumer protection device, 'corporate competitors now have standing to bring a claim under this [statute] . . . so long as some harm to the public at large is at issue'") (quoting *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.,* 786 F. Supp. 182, 215 (E.D.N.Y.), vacated in part on other grounds, 973 F.2d 1033 (2d Cir. 1992)) Public harms that may reach the required threshold include "potential danger[s] to the public health or safety." *Gucci Am., Inc.*, 277 F. Supp. 2d at 273; *see also Shred—It USA, Inc. v. Mobile Data Shred, Inc.*, 228 F. Supp. 2d 455, 465 (S.D.N.Y. 2002) (conduct must consist of "significant ramifications for the public at large" in order to properly state a claim for relief) (internal quotations and citation omitted).

Based on the facts alleged in the Complaint, the Court finds that the gravamen of Plaintiff's § 349 claim is harm to consumers resulting from undervaluation of damage to their vehicle, which, according to Plaintiff could render the vehicle unsafe. *See, e.g.,* Compl. ¶¶ 6-9. For example, in paragraph ten Plaintiff alleges that the Pocket Estimate Program "instituted the foregoing procedure with the knowledge that a substantial number of insureds and third-party

10

claimants will accept the defendant's payments and never have their vehicles repaired, thereby saving the defendant millions of dollars and depriving the plaintiff of the opportunity to repair certain vehicles" and in paragraph eleven Plaintiff alleges that the Pocket Estimate Program "deprived their insureds and third-party claimants of the opportunity to have their vehicles properly repaired [and] put them in harm's way by creating the false sense that their vehicles were safe to drive when they in fact were not."

Where the gravamen of the complaint is harm to the public at large as opposed to simply harm to the business of the non-consumer, the business may assert a cause of action under § 349. *See, e.g., Boule v. Hutton*, 328 F.3d 84, 94 (2d Cir. 2003) (holding that Section 349 "allows recovery not only by consumers, but also by competitors if there is some harm to the public at large." (quotations and citation omitted)); *Actava TV, Inc. v. Joint Stock Co. "Channel One Russ. Worldwide"*, No. 18-CV-6626 (ALC), 2019 U.S. Dist. LEXIS 160494, 2019 WL 4516642 (S.D.N.Y. Sept. 18, 2019) (refusing to dismiss a claim brought by a competing Russian language broadcaster alleging, *inter alia*, a violation of NY GBL Section 349 because the ramifications of defendants' conduct impacted the public at large); *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 210 (E.D.N.Y. 2018) (allowing §349 claim brought by competitor to go forward based upon claim that the public was deceived by misrepresentations regarding the qualities and characteristics of defendants' horn products).

Thus, to reiterate, the Court finds that the gravamen of Plaintiff's complaint is harm to the public interest based upon allegations that Defendant know its Pocket Estimate Program under-estimates damages to its insureds' vehicles and the complaint adequately alleges harm to both Plaintiff and the public at large as a result of the program. Accordingly, the undersigned respectfully recommends that Defendant's motion to dismiss be denied in its entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
January 7, 2020

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge