```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
M.V.B. COLLISION INC. d/b/a
MID ISLAND COLLISION,

                Plaintiff,
                                            MEMORANDUM & ORDER
       -against-                            19-CV-1883(JS)(ARL)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Defendant.
----------------------------------X
```

APPEARANCES
For Plaintiff:     Gina M. Arnedos, Esq.
                   Steven F. Goldstein, LLP
                   One Old Country Road, Suite 370
                   Carle Place, New York 11514

                   Steven F. Goldstein, Esq.
                   Goldstein & Tanenbaum, LLP
                   One Old Country Road, Suite 318
                   Carle Place, New York 11514

For Defendant:     Alexander Seton Lorenzo, Esq.
                   Kyle Wallace, Esq.
                   Cassandra Kerkhoff Johnson, Esq.
                   Alston & Bird LLP
                   90 Park Avenue
                   New York, New York 10016

SEYBERT, District Judge:

Currently pending before the Court is the Report and Recommendation of Magistrate Judge Arlene R. Lindsay (R&R, D.E. 29), recommending that the Court deny defendant State Farm Mutual Automobile Insurance Company's ("State Farm" or "Defendant") motion to dismiss the Complaint of plaintiff M.V.B. Collision Inc. ("MVB" or "Plaintiff"). For the following reasons, State Farm's

objections are OVERRULED, the R&R is ADOPTED in its entirety, and the motion is DENIED.

I. Background and Proceedings

The Court assumes the parties' familiarity with the case and discusses the facts only as necessary for this adoption order.

State Farm filed a motion to dismiss on August 7, 2019. (Def. Mot., D.E. 21.) MVB opposed the motion on August 21, 2019 (Pl. Opp., D.E. 24) and State Farm replied on August 28, 2019 (Def. Reply, D.E. 25). On October 8, 2019, the undersigned referred the motion to Judge Lindsay for an R&R. Judge Lindsay issued her R&R on January 7, 2020. State Farm timely objected to the R&R (Def. Obj., D.E. 30.) MVB did not respond to State Farm's objections.

II. Legal Standard

This Court "may accept, reject, or modify the recommended disposition" and "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72. To withstand a motion to dismiss, a complaint must contain factual allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).

III. The Claim, the R&R, and State Farm's Objections

The Complaint alleges violations of New York General Business Law ("GBL") Section 349.¹ (Compl., D.E. 1, ¶¶ 45, 48.) Section 349 states that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service are . . . unlawful." N.Y. GEN. BUS. LAW § 349(a). Section 349(h) allows a person who has been injured to bring an action to enjoin the unlawful practice, to recover damages, or both. "'To state a claim under GBL § 349, a plaintiff must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act.'" Gold v. Shapiro, Dicaro & Barak, LLC, No. 18-CV-6787, 2019 WL 4752093, at *9 (E.D.N.Y. Sept. 30, 2019) (quoting Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 490 (2d Cir. 2014)); see also City of N.Y. v. Smokes-Spirits.Com, Inc., 12 N.Y.3d 616, 621, 911 N.E.2d 834, 883 N.Y.S.2d 772 (2009) ("To successfully assert a section 349 (h) claim, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.").

---

¹ On June 6, 2019, MVB withdrew its claims for violations of New York State Insurance Law. (Letter, D.E. 15, at 1.)

3

State Farm's "photo-estimating" tool allows insureds to submit photographs of vehicle damages and from the photographs, provides estimates of the cost of repairs. State Farm issues payments without an appraisal by a professional automobile body repair shop. (Compl. ¶ 4.) MVB alleges that State Farm's practice of "photo-estimating" was adopted with State Farm's "express knowledge that a significant number of insureds or claimants will accept the [insurance] payment without ever having the vehicle inspected by a professional repair facility such as [MVB], thereby saving [State Farm] millions of dollars." (Compl. ¶ 4.) MVB alleges that this practice is "ineffective . . . does not meet industry standards . . . [and t]he deception starts with a photo that does not account for safety and liability standards." (Compl. ¶ 5.) Essentially, MVB argues that the process harms consumers and MVB's business.

In its motion, State Farm argues that MVB fails to allege (1) deceptive acts directed at consumers, (2) that photo-estimating is a deceptive act misleading in a material way, and (3) any injury caused by deceptive acts. (Def. Mem., D.E. 22, at 6, 8, 11.)

A. <u>Consumer Oriented Acts</u>

The R&R found that MVB sufficiently pled consumer oriented conduct to survive a motion to dismiss, as there is "no doubt that a program offered to consumers via 'television

4

advertisements and other methods' is consumer oriented." (R&R at 6.) It further found that the Complaint "focusing entirely upon the harm to insureds" was sufficient. (R&R at 7.)

State Farm first objects because MVB does not allege that it has a contractual relationship with State Farm. However, the consumers impacted by the photo-estimating tool are in a contractual relationship with State Farm, and MVB has alleged consumer-oriented harm. See M.V.B. Collision, Inc. v. Allstate Ins. Co., No. 07-CV-0187, 2007 WL 2288046, at *4 (E.D.N.Y. Aug. 8, 2007) (where MVB brought a Section 349 action against Allstate insurance company for pressuring MVB into accepting lower labor rates, the complaint sufficiently alleged consumer-oriented conduct where it "relate[d] to a number of policyholders who either are, or potentially could be, [MVB] customers, all of whom are subject to Allstate's standard form insurance policy").

State Farm next argues that the Complaint does not allege specific examples of advertising and is thus insufficient to establish a large marketing scheme. (Def. Obj. at 6-7.) However, "[t]he consumer-oriented requirement may be satisfied by showing that the conduct at issue potentially affects similarly situated consumers" and "has been construed liberally." Gold, 2019 WL 4752093 at *10 (internal quotation marks and citations omitted). Here, the Complaint alleges a "massive scheme whereby [State Farm] encourages through television advertisements and other methods and

5

attempts to convince insureds . . . to agree to the photo-estimating." (Compl. ¶ 5.) It also references the "photo-estimating app" used by insureds when their vehicles are damaged. (Compl. ¶ 12.) Allegations of a large-scale advertising campaign and consumers' use of an "app" are sufficient at the pleading stage to allege consumer-oriented conduct because it demonstrates that consumers are aware of, and using, the photo-estimating tool. Accordingly, State Farm's objections on this point are overruled, and the Court finds the Complaint adequately alleges consumer-oriented conduct.

B. Deceptive Acts

The R&R concludes that MVB's general allegation that the program misled consumers about the extent of the damage to their vehicles, "coupled with MVB's allegations describing three instances where the . . . [p]rogram provided estimates dramatically less than the supplemental in person estimates received" sufficiently alleges a deceptive or materially misleading practice. (R&R at 8-9.)

State Farm argues that the Complaint's examples of insureds all allege that the photo-estimates were lower than the subsequent professional appraisal, and that State Farm further compensated these insureds after the in-person appraisal. Thus, according to State Farm, it is "unclear how there can be a plausible inference of deception alleged when the insureds were

6

all fully compensated." (Def. Obj. at 7-8.)  This argument misses the mark.  A fair reading of the Complaint demonstrates that MVB alleges that consumers who do not ultimately follow up with in-person estimates are deceived and underpaid.  This allegation, combined with specific examples of drastic under-evaluations from the photo-estimates, is sufficient to allege deceptive conduct.  It would be difficult to ascertain, at the pleading stage, the disparity in estimates from insureds who did not follow up with a professional estimate.  State Farm's objections on this point are thus overruled, as the Complaint alleges deceptive conduct.

C. <u>Injury</u>

Lastly, the R&R finds that although MVB has not claimed direct injury in the Complaint, "a non-consumer plaintiff has standing to pursue a Section 349 claim when the gravamen of the [C]omplaint is consumer injury or harm to the public interest and plaintiff alleges conduct that has significant ramifications for the public at large."  (R&R at 10 (citing cases) (internal quotation marks omitted).)  The R&R concludes that the Complaint adequately alleged harm to the public interest and thus, to MVB.

State Farm again argues that the insureds in the Complaint were fully compensated because they followed up with in-person appraisals and State Farm paid their claims.  For the same reasons discussed above with respect to deceptive acts, this argument is without merit.

7

State Farm also contends that MVB must "allege its own harm" and that its "speculation about unknown insureds not receiving full repairs . . . does not constitute factual allegations of how it has been harmed by State Farm's alleged conduct." (Def. Obj. at 8.) However, "[a]lthough the statute is, at its core, a consumer protection device, corporate competitors have standing to bring a claim under this statute so long as some harm to the public at large is at issue." Wolo Mfg. Corp. v. ABC Corp., 349 F. Supp. 3d 176, 209 (E.D.N.Y. 2018) (internal quotation marks and citations omitted; alterations omitted).

Here, though MVB is not alleging it is a direct competitor of State Farm, it has adequately alleged that State Farm's consumer-oriented deceptive acts have harmed MVB by "depriving [MVB] of the opportunity to repair certain vehicles." (Compl. ¶ 10.) MVB also alleges that State Farm "reward[s] [ ] employees and/or independent contractors who purposely undervalued the cost of repairs." (Compl. ¶ 44.) The Complaint thus contains conduct that harms MVB's business and the public at large, and sufficiently alleges injury. "[C]ontrary to [State Farm]'s assertions, the fact that [MVB] is a business--not an individual consumer--and stands to lose potential revenue as a result of [State Farm]'s challenged conduct does not undermine its ability to bring a claim pursuant to Section 349." M.V.B. v. Allstate,

2007 WL 2288046 at *4. State Farm's objections are overruled on this point.

IV. State Farm's General Objection to R&R Legal Standard

State Farm also lodges a general objection to the R&R's passing reference to "notice pleading." (Def. Obj. at 3-5.) The Court finds that the R&R recites the correct standard for a motion to dismiss and applies it for each element. In any event, the Court has conducted an independent review of the Complaint and finds that it contains sufficient factual allegations to state a plausible General Business Law claim.

V. Conclusion

For the reasons set forth above, State Farm's objections are OVERRULED and the R&R (D.E. 29) is ADOPTED in its entirety. Accordingly, State Farm's motion to dismiss (D.E. 21) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February  20 , 2020
       Central Islip, New York